UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| LAWRENCE EARL: FAMILY [RALPH], ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 4:07-cv-48 |
| ) | |
| KEVIN BALLEW, *et al.*, ) | Judge Mattice |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Defendants Larry Ross, Jeffrey Golden, and Larry B. Stanley, Sr. have moved summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Court Doc. 70.] Defendants' motion was filed on January 30, 2009. To date, Plaintiff has not filed a response. The instant motion is ripe for adjudication.

For the reasons explained below, the Court will **GRANT** the instant Motion for Summary Judgment. Plaintiff's claims against Defendants Larry Ross, Jeffrey Golden, and Larry B. Stanley, Sr. will be **DISMISSED WITH PREJUDICE**.

**I.    LEGAL STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*,

253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.

1994).

## II. FACTS

The facts, viewed in the light most favorable to the Plaintiff, are as follows.

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, which alleged that numerous state and county officials violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment constitutional rights. Plaintiff's complaint alleges that Defendants Larry Ross, a Warren County General Sessions Judge, failed to take the oath of office and that he and other Defendants refused to act when Plaintiff gave "Notice by registered mail on the day of December 19, 2005 to Warren County of, Commissioners and Ross ... that Ross, Esquire's Office is vacated by refusing to take an Oath to support the Constitution of the United States of America, and The Constitution of Tennessee as Required by law." (Court Doc. 1, Compl. ¶ 57.)

Plaintiff alleges Jeffrey Golden, while serving as the Grand Jury Foreman, "presented an administrative civil traffic citation before the Grand Jury without first having any lawful charging instruments in the record upon which a Grand Jury could act in Case No. M-10830." (Compl. ¶ 55.) Plaintiff also contends that Defendant Golden failed to know or that he should have known of the vacancy of Judge Larry Ross' office "when notice was formally given by registered mail on the Day (sic) December 19, 2005." (Compl. ¶ 57.)

Plaintiff alleges that Larry B. Stanley, Sr., the County Attorney for Warren County, Tennessee: (1) "knew or should have known by the notice given by registered mail on December 19, 2005 that Judge Ross' office was vacated;" (2) "was employed as an attorney representing Warren County, of, Corporation for profit, while posing to represent

-3-

the people .... of Warren County therefore the people are decieve [sic] while officials are making a profit for the Corporation, from the people, by his fraud deceit and lies perpetrated against the people, misuse of Federal Funding and Tax Payer Funds, by these [sic] public official' and; (3) "acted in some sort of unspecified conspiracy along with virtually every other public officer in the judicial system to violate Plaintiff's federally protected rights.

Defendants Ross and Golden have moved for summary judgment on the basis of the doctrines of judicial and quasi-judicial immunity, arguing that Plaintiff's claims against them are all based upon the performance of tasks that are related or intertwined with the judicial process. Defendant Stanley has also moved for summary judgment, contending that he had nothing to do with any Plaintiff's criminal prosecution, any alleged conspiracy against Plaintiff, or fraudulent activity against "the people." Plaintiff did not file a brief in opposition to the instant summary judgment motion.

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. "Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

-4-

Case 4:07-cv-00048   Document 73   Filed 07/28/09   Page 4 of 6   PageID #: 274

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

### B. Plaintiff's Claims Against Defendants Ross and Golden

Defendants Ross and Golden are entitled to quasi-judicial immunity because Plaintiff's claims against them arise out of the performance of judicial and quasi-judicial duties. *Miller,* 942 S.W.2d 533, 537 (Tenn. App. 1996). In the Sixth Circuit and under Tennessee law, judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Bush v. Rush,,* 38 F.3d 842, 847-48 (6th Cir. 1994); *Miller*, 942 S.W.2d 533. Generally, officials who perform judicial or quasi-judicial functions are entitled to immunity when they are "involved in an integral part of the judicial process." See *Miller,* 942 S.W.2d at 537. Executing or enforcing a court order is intrinsically associated with a judicial proceeding. *Bush*, 38 F.3d at 847 . Accordingly, the Court will **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendants Ross and Golden.

### C. Plaintiff's Claims Against Defendant Stanley

There is no evidence that Defendant Stanley had any role in Plaintiff's criminal prosecution. *See* Court Doc. 70-3, Stanley Aff at 1. Nonetheless, Plaintiff avers Defendant

-5-

Case 4:07-cv-00048    Document 73    Filed 07/28/09    Page 5 of 6    PageID #: 275

Stanley is liable under 42 U.S.C. § 1983 because Defendant Stanley violated Plaintiff's constitutional rights. Plaintiff has, however, failed to identify the right or the manner in which Defendant Stanley, while acting under color of law, violated Plaintiff's constitutional rights. 42 U.S.C. § 1983. Plaintiff has also failed to proffer any evidence to support the allegation that Defendant Stanley was engaged in a conspiracy related to fraud, deceit, and lies that violated Plaintiff's federally protected rights. *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)(affirming dismissal of a conspiracy claim where the "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory."). Thus, the Court finds that Plaintiff's claims against Defendant Stanley does not "contain sufficient factual matter, [even if] accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Spadafore v. Gardner*, 330 F.3d 849, 853-54 (6th Cir. 2003). Accordingly, the Court will **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant Stanley.

### IV. CONCLUSION

For the reasons explained above, Defendants' instant Motion for Summary Judgment [Court Doc 70] is **GRANTED**. Plaintiff's claims against Defendants Larry Ross, Jeffrey Golden, and Larry B. Stanley, Sr. are **DISMISSED WITH PREJUDICE**.

SO ORDERED this 28th day of July, 2009.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE